# UNITED STATES DISTRICT COURT

## DISTRICT OF COLORADO

---

UNITED STATES OF AMERICA

v.

JAMES ROBERT TAUBR

**JUDGMENT IN A CRIMINAL CASE**
(For Revocation of Supervised Release)

Case Number:  08-cr-00474-REB-01

USM Number:  25375-008

Virginia Grady, AFPD
(Defendant's Attorney)

**THE DEFENDANT:**  Admitted guilt to violations 1 through 10, as alleged in the probation officer's petition.

The defendant is adjudicated guilty of this violation:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 1 | Possession and Use of a Controlled Substance | 11/20/2009 |
| 2 | Possession and Use of a Controlled Substance | 12/22/2009 |

The defendant is sentenced as provided in pages 2 through 5 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

It is further ordered that the Addendum to this judgment, which contains the defendant's social security number, residence address and mailing address, shall be withheld from the court file and retained by the United States Probation Department.

October 22, 2010
_____
Date of Imposition of Judgment

s/ Robert E. Blackburn
_____
Signature of Judge

Robert E. Blackburn, U.S. District Judge
_____
Name & Title of Judge

October 27, 2010
_____
Date

## ADDITIONAL VIOLATIONS

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 3 | Possession and Use of a Controlled Substance | 01/08/2010 |
| 4 | Failure to Participate in Drug Testing as Directed by the Probation Officer | 01/25/2010 |
| 5 | Failure to Participate in Substance Abuse Treatment and Mental Health Treatment as Directed by the Probation Officer | 01/20/2010 |
| 6 | Failure to Remain Compliant and Take All Medications That Are Prescribed by his Treating Psychiatrist | 01/29/2010 |
| 7 | Failure to Comply with the Rules of the Residential Reentry Center | 04/30/2010 |
| 8 | Failure to Comply with the Rules of the Residential Reentry Center | 05/01/2010 |
| 9 | Failure to Comply with the Rules of the Residential Reentry Center | 05/01/2010 |
| 10 | Failure to Comply with the Rules of the Residential Reentry Center | 05/03/2010 |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of time served as of November 1, 2010, to run concurrently with U.S. District Court, District of Colorado, Docket Number 08-cr-00473-REB-01

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

        Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.


                                        _____
                                                      UNITED STATES MARSHAL


                                        By_____
                                                Deputy United States Marshal

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of twenty-four (24) months, to be served concurrently with U.S. District Court, District of Colorado, Docket Number 08-cr-00473-REB-01

The defendant must report to the probation office in the district to which he is released within 72 hours of his release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and two periodic drug tests thereafter.

The defendant shall not possess a firearm as defined in 18 U.S.C. § 921.

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without the permission of the court or probation officer.

2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.

3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

4) The defendant shall support his dependents and meet other family responsibilities.

5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons.

6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.

7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician.

8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

9) The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.

10) The defendant shall permit a probation officer to visit him at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14) The defendant shall provide the probation officer with access to any requested financial information.

## ADDITIONAL CONDITIONS OF SUPERVISION

1) The defendant shall not incur new credit charges or open additional lines of credit without the advance express written approval of the probation officer.

2) The defendant shall undergo a substance abuse evaluation, and if recommended, shall participate in and successfully complete a program of testing and/or treatment for substance abuse, as approved by the probation officer, until such time as the defendant is released from the program by the probation officer. The defendant shall abstain from the use of alcohol or other intoxicants during the course of treatment and shall pay the cost of the treatment as directed by the probation officer.

3) The defendant shall undergo a mental health evaluation, and if recommended, shall participate in and successfully complete a program of mental health treatment, as approved by the probation officer, until such time as the defendant is released from the program by the probation officer. The defendant shall pay the cost of treatment as directed by the probation officer. The Court authorizes the probation officer to release to the treatment agency all psychological reports and/or the presentence report for continuity of treatment.

5) The defendant shall participate in and successfully complete the Circle program at the Colorado Mental Health Institute in Pueblo, Colorado, to commence on or about November 1, 2010. Provided furthermore, that the defendant shall comply with all rules, regulations, policies, directives, and contractual requirements, if any, imposed by the Circle program. Additionally, the probation officer shall have the discretion, depending on the defendant's participation in the Circle program, to count that participation if relevant in determining whether the alcohol substance abuse evaluation has been accomplished, and whether the mental health evaluation has been accomplished as a result of his participation in the Circle program.